NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENZA LUCAS MANUEL; NANCY GUADALUPE MENDOZA LUCAS; KIMBERLY YANETH MENDOZA LUCAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1433 <br><br> Agency Nos. <br> A208-306-835 <br> A208-306-837 <br> A208-306-836 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2024**
Pasadena, California

Before: RAWLINSON, MELLOY ***, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael J. Melloy, United States Senior Circuit Judge for the Court of Appeals, 8th Circuit, sitting by designation.

Lorenza Lucas Manuel and two derivative petitioners, all natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from the decision of the Immigration Judge (IJ), which denied their applications for asylum, withholding of removal, and protection under the U.N. Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"[O]ur review of BIA decisions is highly deferential." *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009). We will reverse the BIA's denial of asylum, withholding of removal, or CAT relief only where the record evidence compels a different result. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

1.  Substantial evidence supports the BIA's determination that Lucas Manuel does not qualify for asylum. To be eligible for asylum, an applicant must establish that they are a "refugee" as defined by the Immigration and Nationality Act (INA). 8 U.S.C. § 1158(b)(1)(A); *Parussimova*, 555 F.3d at 738. A person may qualify as a "refugee" if they previously faced "persecution" or have "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

The BIA concluded that Lucas Manuel failed to present evidence that she had previously faced persecution in Guatemala. The BIA also found that Lucas

2

Manuel did not demonstrate she would face future persecution in Guatemala on account of her membership in a particular social group. The BIA rejected Lucas Manuel's first proposed social group, "Guatemalans returning with perceived wealth," determining it was too broad and therefore not cognizable for asylum purposes. Lucas Manuel's second proposed social group was based on her relationship with her father. Lucas Manuel alleged that her father had been killed but presented no testimony that she was threatened with future harm on account of her relationship with him. Finally, Lucas Manuel claimed she would face future persecution on account of her indigenous race but again failed to support her claim with sufficient evidence. We conclude that the BIA's denial of asylum was supported by substantial evidence, and therefore, we deny Lucas Manuel's petition for review of her asylum claim.

2. The BIA also determined that Lucas Manuel did not qualify for withholding of removal on the same grounds as her asylum claim. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Because we affirm the BIA's finding that Lucas Manuel did not show she had faced or would face persecution in connection with any protected group, we conclude the BIA correctly denied withholding of

3

removal.

3. We also find that substantial evidence supports the BIA's denial of Lucas Manuel's CAT claim. To be eligible for CAT relief, a person "must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Garcia-Milian*, 755 F.3d at 1033 (citing 8 C.F.R. § 208.16(c)(2)). The BIA determined that Lucas Manuel's torture claim rested on mere assumptions and a generalized fear of potential torture—she had neither suffered past torture nor presented evidence that she was a target for future torture. Thus, the BIA found that Lucas Manuel failed to show it was more likely than not she would face torture upon return to Guatemala. *Id.* We find substantial evidence supports the BIA's conclusion.

**DENIED.**